UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA LOUISE FRANKEL,

    Plaintiff,

v.                                     Case No:  2:18-cv-233-FtM-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Donna Louise Frankel, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on November 13, 2014, and an application for SSI on December 3, 2014. (Tr. 15, 261-73). In both applications, Plaintiff alleged a disability onset date of July 30, 2013. (Tr. 261, 265). Plaintiff's applications were denied initially on March 18, 2015, and upon reconsideration on June 30, 2015. (Tr. 138, 139, 173-76, 177-80). Plaintiff requested a hearing, and, on November 16, 2016, an administrative hearing was held before Administrative Law Judge William G. Reamon ("the ALJ"). (Tr. 34-100). On March 15, 2017, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 15-26). Plaintiff requested review of the ALJ's decision. On February 12, 2018, the Appeals Council denied review of the ALJ's decision. (Tr. 1-7). Plaintiff initiated this action by Complaint (Doc. 1) on April 9, 2018.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff engaged in substantial gainful activity since July 30, 2013, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had a single severe impairment: chronic obstructive pulmonary disease. (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with these specific restrictions: she should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation." (Tr. 20). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a file clerk. (Tr. 24).

Despite his step four finding, the ALJ proceeded to step five and made the alternative finding that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 24). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as store laborer, washer, and laundry laborer. (Tr. 25). The ALJ concluded that Plaintiff had not been under a disability from July 30, 2013, the alleged onset date, through March 15, 2017, the date of the ALJ's decision. (Tr. 25-26).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate Plaintiff's mental impairments. (Doc. 25 p. 16-26). Plaintiff contends that the ALJ erred by failing to find that Plaintiff's depression, anxiety, and panic attacks were severe impairments. (Doc. 25 p. 18-20). Further, Plaintiff argues that the ALJ erred by failing to consider her mental impairments in formulating the RFC and improperly rejected the opinions of Amy Mulholland, Ph.D., and Phat Hoang, M.D., the only two physicians who offered opinions as to Plaintiff's mental limitations. (Doc. 25 p. 24-25). Plaintiff also argues that the ALJ improperly considered Plaintiff's history of alcohol dependence in considering the RFC. (Doc. 25 p. 20-21). In response, Defendant argues that the ALJ properly determined that Plaintiff's mental impairments were non-severe and

that Plaintiff's alleged mental limitations were directly considered in the RFC analysis. (Doc. 25 p. 27-38).

As an initial matter, the Court finds that the ALJ committed no error at step two of the sequential evaluation. At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). While the standard for severity is low, the Eleventh Circuit has found that "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, while the ALJ did not find that Plaintiff's alleged mental impairments were severe, he did find that Plaintiff had the severe impairment of chronic obstructive pulmonary disease. The ALJ then proceeded with the sequential analysis to step three and, further, to the formulation of Plaintiff's RFC in anticipation of step four. The ALJ satisfied the threshold inquiry of step two.

When an ALJ proceeds past step two, however, he is required to consider the combined effect of a claimant's impairment, both severe and non-severe, in determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1523(c); 416.923(c). In this case, despite finding that Plaintiff's mental impairments were non-severe, the ALJ considered the evidence of Plaintiff's alleged mental impairments at length at step two and subsequently in formulating his RFC determination.

In his decision, the ALJ applied the regulatory Psychiatric Review Technique ("PRT") to rate Plaintiff in the four broad functional areas (i.e., the "paragraph B" criteria): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 18-19). In the first area, the ALJ found Plaintiff had mild limitation. (Tr. 18). The ALJ explained that Plaintiff had a normal recent and remote memory at a July 2013 psychiatric examination. (Tr. 18; 482). The ALJ noted that Dr. Behinfar found that Plaintiff's general fund of information was average and her memory intact. (Tr. 18, 610). The ALJ noted that Plaintiff reported the ability to pay bills, count change, handle a savings account, and use a checkbook. (Tr. 18, 298). In the second area, the ALJ found Plaintiff had mild limitation. (Tr. 18). The ALJ explained that the record showed Plaintiff was able to keep multiple medical appointments, was able to go out in public and tolerate at least superficial interactions with others. (Tr. 18, 38-40, 298, 609, 636, 694, 730). The ALJ noted that Plaintiff's thought content at mental status examinations was appropriate. (Tr. 18,411,610, 636, 694, 701, 724, 733, 739, 746). The ALJ noted that Dr. Behnifar found Plaintiff's speech was within normal limits. (Tr. 18, 610). In the third area, the ALJ found that Plaintiff had mild limitation. (Tr. 19). The ALJ explained that "the record does not suggest that claimant has difficulty in this area when pursuing tasks that she enjoys." (Tr. 19, 609). The ALJ noted that Plaintiff told Dr. Behinfar she played computer games during the day and Dr. Behinfar noted Plaintiff's concentration was intact (Tr. 19, 609-10). In addition, Plaintiff reported the ability to pay bills, count change, handle a savings account, and use a checkbook. (Tr. 19, 298). The ALJ determined that because Plaintiff's medically determinable impairments caused no more than "mild" limitation in any of the functional areas, the ALJ properly found they were non-severe. (Tr. 19).

Later in his decision, the ALJ considered evidence relating to alleged mental impairment by evaluating the respective opinions of Dr. Mulholland and Dr. Hoang. The ALJ explained the weight assigned to these opinions as follows:

> Amy Mulholland, Ph.D., the claimant's psychologist, noted in May of 2013 that the claimant has depression and anxiety. She noted that the claimant was subject to panic attacks that were difficult to treat at work. However, she indicated that the claimant did well with therapy, nothing that her anxiety increased in the absence of psychotherapy. Dr. Mulholland did not suggest that the claimant is unable to work, merely noting that there have been occasions when she had to leave work because her medication had sedating effects. (Exhibit 5-F, page 32) The undersigned has placed limited weight on this report because the record as a whole is not supportive of the degree or frequency of attacks described by Dr. Mulholland.
>
> The record includes a statement from Dr. Hoang in which he indicated the claimant has panic attacks and is unable to hold a job. (Exhibit 18-F, page 2). However, the record lacks evidence to establish that Dr. Hoang did any of the claimant's mental examinations. Nor does the record establish that he is a psychiatric of psychological specialist. Furthermore, his statements do not provide a function by functional analysis of the claimant's abilities or limitations. It is also noted, as previously discussed in this decision, that the claimant has had numerous psychological evaluations with negative or mild findings. Dr. Hoang's opinion is not well supported by medically accepted clinical findings and laboratory diagnostic techniques and is inconsistent with other substantial evidence of record. It is also noted that his opinion appears to be based heavily on self-reports of the claimant. The undersigned has placed mild weight on this opinion.

(Tr. 22).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Here, the ALJ provided good cause for rejecting the opinions of Dr. Mulholland and Dr. Hoang. As shown above, the ALJ gave "limited weight" to Dr. Mulholland's opinion because "the record as a whole is not supportive of the degree or frequency of attacks described by Dr. Mulholland" (Tr. 22). The record reflects multiple examinations showing normal mental status examination findings, or only depressed mood or labile or depressed affect. (Tr. 445, 577, 586, 636, 694, 730, 733, 739, 746). For example, in June 2014, Plaintiff reported that despite stress she was "doing ok." (Tr. 569). In September 2015, Dr. Hoang also stated that Plaintiff was "doing well" with panic attacks on medication. (Tr. 763). In December 2015, Plaintiff told a therapist she was "doing well." (Tr. 721).

Likewise, the ALJ provided good cause for rejecting the opinion of Dr. Hoang. Dr. Hoang's opinion that Plaintiff was unable to work was not a medical opinion. (Tr. 773). Opinions on some issues, such as whether the claimant is disabled or unable to work, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d). Further, the ALJ explained that Dr. Hoang's opinion was "not well-supported by medically accepted clinical findings and laboratory techniques." (Tr. 22, 773). The ALJ also explained that Dr. Hoang's opinion was "inconsistent with other substantial evidence of record." (Tr. 22). *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Substantial evidence supports this finding. For example, the record shows that Plaintiff had appropriate thought content and normal behavior. (Tr. 411, 610, 636, 694, 701, 724, 733, 739, 746). In addition, the ALJ explained that the opinion appeared to be "based heavily on self-reports of the claimant." (Tr. 22).

The Court rejects Plaintiff's argument that the ALJ did not provide good cause for rejecting Dr. Mulholland and Dr. Hoang's opinions. The relevant inquiry is not whether there is some evidence that might support a different conclusion, but whether substantial evidence supports the ALJ's decision. *Hamby v. Comm'r of Soc. Sec.*, 2018 1611674, at *4 (M.D. Fla. Mar. 13, 2018). While Plaintiff cites to evidence in the record that she argues undermines the ALJ's findings, she has failed to show that substantial evidence does not support the ALJ's findings. Likewise, the Court is unpersuaded by Plaintiff's claim that the ALJ improperly considered Dr. Mulholland and Dr. Hoang's opinions in isolation. As the block quote above shows, the ALJ considered their opinions in direct succession, undermining the claim that their opinions were improperly considered in isolation.

In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). In this case, the Court will not reweigh the evidence and affirms the ALJ's analysis of Plaintiff's mental limitations.

Finally, the Court finds no error in the ALJ's treatment of Plaintiff's history of alcohol dependence. In his decision, the ALJ found that Plaintiff's history of alcohol dependence was not a severe impairment. The ALJ's discussion of Plaintiff's alcohol dependence was not inappropriate given that, as Plaintiff acknowledges, an ALJ must consider all impairments, severe and non-severe when determining a claimant's RFC. Further, the Court rejects Plaintiff's argument that the ALJ erred by not conducting a drug or alcohol abuse ("DAA") analysis. An ALJ uses this analysis only when he first finds that Plaintiff was disabled. *See* SSR 13-2p. Here,

the ALJ found that Plaintiff was not disabled. Therefore, he was not required to conduct the analysis.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties